[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 25 2000
THOMAS K. KAHN
CLERK

_____

Nos. 97-2873

_____

D. C. Docket No. 96-00096-CR-ORL-18

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT WILLIAM YEAGER, ROY ROBERT YEAGER, JEFFREY CHRISTOPHER YEAGER, DUANE C. YEAGER, and BEVERLY DENISE YEAGER,

Defendants-Appellants.

_____

No. 97-2894

_____

D.C. Docket No. 96-00096-CR-ORL-18

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROY ROBERT YEAGER, a.k.a. Buddy,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

**(April 25, 2000)**


Before ANDERSON, Chief Judge, BLACK, Circuit Judge, and FORRESTER[1],
District Judge.

PER CURIAM

In this factually complex, multi-defendant direct criminal appeal, we address one issue in this published opinion, and resolve all other claims on appeal in an unpublished appendix. The one matter that warrants publication relates to Robert Williams Yeager's challenge to the analysis used by the district court in applying the role-in-the-offense enhancement under U.S.S.G. § 3B1.1.

This case is brought against various members of what was denominated in the indictment as the Yeager organization. It was alleged that this organization, operating from locations in rural mid-Florida, engaged in the large-scale theft of commercial trucks and tractor-trailers, interstate transportation of these vehicles and their parts, arson, homicide, the manufacture and distribution of methamphetamine, and insurance

---

[1] Honorable J. Owen Forrester, U.S. District Judge for the Northern District of Georgia, sitting by designation.

fraud. It was alleged that Robert William Yeager (hereinafter "Robert Yeager") directed the activities of the organization.

Robert Yeager's convictions were divided into seven groups for sentencing, an arrangement which he does not oppose. (R29-35). Group One represented the drug offenses, including Robert Yeager's conviction for participation in a methamphetamine conspiracy in violation 21 U.S.C. § 846. This group had the highest adjusted offense level and was therefore the focus of the court at sentencing. The trial court set Robert Yeager's base offense level for Group One at 32, calculated based upon the amount of methamphetamine attributed to him. (R29-60). The court enhanced his offense level by a two-level increase for possession of a dangerous weapon, a four-level increase for an aggravating role in the offense, and a two-level increase for obstruction of justice. (R29-35-46; 59-60). The court as a result found Robert Yeager's adjusted offense level for Group One to be 40. (R29-59-60).

Robert Yeager contends on appeal that the district court erred in adjusting his offense level under Group One upward by four levels under U.S.S.G. § 3B1.1(a) for his role in the offense. He asserts that there was no evidence presented at trial or sentencing upon which it could be determined that he was an organizer or leader of the methamphetamine conspiracy. He argues that the district court improperly relied

upon his role in the overall RICO conspiracy to enhance his offense level for the drug convictions.

The government relies upon the Seventh Circuit decision in *United States v. Damico*, 99 F.3d 1431 (7th Cir. 1996), *cert. denied*, 519 U.S. 1151 (1996), in support of its contention that Robert Yeager's adjusted offense level for Group One was properly calculated. The court in *Damico* considered the issue raised by Robert Yeager in the instant appeal: Whether U.S.S.G. § 2E1.1 requires that a defendant's role in the offense be separately judged with respect to each offense underlying his RICO conviction, as opposed to being judged with respect to the overall RICO conspiracy. *Id.* at 1435-36. The Seventh Circuit determined that "the predicate-by-predicate approach of [U.S.S.G. § 2E1.1] applies . . . only for the purpose of establishing a RICO defendant's base offense level, and not for the purpose of applying the Chapter Three adjustments." *Id.* at 1438. We agree with the reasoning of the Seventh Circuit.

The first step in applying the Sentencing Guidelines is to determine the applicable offense guideline and ascertain the base offense level, applying any appropriate specific offense characteristics, cross references, and special instructions contained in that particular guideline. U.S.S.G. § 1B1.1(a)-(b).

Robert Yeager was convicted under thirty-three separate counts, Count One being a conviction for RICO. The offense guideline applicable to RICO is set forth in U.S.S.G. § 2E1.1, and in this case it is ascertained from the offense level applicable to the underlying racketeering activity. The district court determined that, based upon the amount of drugs attributable to Robert Yeager, his base offense level for the methamphetamine conspiracy was 32.

The district court then increased the offense level by two levels, pursuant to the specific offense characteristic applicable to possession of a dangerous weapon. *See* U.S.S.G. § 2D1.1(b)(1). Based upon the findings of the district court, the base offense level for the underlying drug conspiracy was set at 34. As this is higher than the alternative minimum level provided for in U.S.S.G. § 2E1.1(a)(1), this is the base offense level to be used. The district court determined 34 to be the offense level without applying the Chapter 3 adjustment for role in the drug offense at this stage of the calculation. Therefore, the sentencing court never determined that Robert Yeager was a leader or organizer of the drug conspiracy.

Instead, the district court applied the adjustments set forth in Parts A, B, and C of Chapter Three to Count One. *See* U.S.S.G. § 1B1.1(c). The court determined that Robert Yeager was a leader or organizer of the overall RICO conspiracy and applied a four-level increase under U.S.S.G. § 3B1.1(a).

Robert Yeager argues only on appeal that there was insufficient evidence of his leadership role in the drug conspiracy; he does not deny his leadership role in the overall RICO conspiracy. Because we agree with the Seventh Circuit in *Damico* that it is appropriate to judge a RICO defendant's role in the offense with respect to the overall RICO conspiracy for the purpose of applying an enhancement under U.S.S.G. § 3B1.1(a), we reject this challenge by Robert Yeager.

SO ORDERED.[2]

---

[2]The other issues on appeal are addressed in a separate, unpublished appendix, which sets out the resolution of this appeal with respect to the several appellants.